UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) ALICIA MARQUIS and | ) | |
| 2) GARRETT KING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | *(formerly Oklahoma County District* |
| 3) NORTH STAR MUTUAL | ) | *Court Case No. CJ-2014-5527* |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, North Star Mutual Insurance Company ("North Star Mutual"), hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma, to this court. Pursuant to LCvR 81.2(a), a copy of the state docket sheet as well as all documents filed or served in the State Court action are attached hereto as **EXHIBITS 1-2**. North Star Mutual has neither received nor filed other pleadings or papers in this case.

The removal of this case to Federal Court is based on the following:

### FACTUAL BACKGROUND

1. Plaintiffs, Alicia Marquis and Garrett King ("hereinafter collectively referred to as Plaintiffs") commenced this action against North Star Mutual in the District Court of Oklahoma County, State of Oklahoma (Case No: CJ-2014-5527), on October 3, 2014. (*See* Petition, attached as **EXHIBIT 2**.)

2.      Plaintiffs allege on November 21, 2012, they were involved in an automobile accident.  (*See* Petition, ¶1, **EXHIBIT 2**.)

3.       Plaintiffs also allege that at the time of said accident they were insured under a North Star Mutual policy, Policy No. 000150756, which provided underinsured motorist coverage in the amount of $250,000.00.  (*See* Petition, ¶1, **EXHIBIT 2**.)

4.      Plaintiffs assert as a result of the harms and *losses* sustained in the subject automobile accident they are entitled to $250,000.00 of their underinsured motorist coverage. (*See* Petition, ¶1, **EXHIBIT 2**.)

5.      Plaintiffs further allege North Star Mutual breached its contract and the applied covenants of good faith and fair dealing with Plaintiffs.  (*See* Petition, ¶¶2-3, **EXHIBIT 2**.)

6.      According to Plaintiffs, as a result of North Star Mutual's alleged wrongful acts and omissions they have suffered harms and losses. (*See* Petition ¶4, **EXHIBIT 2**.)

7.      Plaintiffs further assert North Star Mutual's acts and omissions were "willful malicious or grossly reckless and wanton, and Plaintiffs are entitled to recover punitive damages." (*See* Petition, ¶5, **EXHIBIT 2**.)

8.      Plaintiffs' prayer for relief explicitly states they are seeking a "judgment against Defendant in an amount in excess of $75,000.00 for compensatory damages and punitive damages, plus interest, costs, attorney fees, and for any other relief the Court deems to be equitable and just." (*See* Petition, p.3, **EXHIBIT 2**.)

9.      In fact, Plaintiffs' Petition indicates they believe their breach of contract claim alone is worth $250,000.00.  (*See* Petition, ¶1, **EXHIBIT 2**.)

### COMPLETE DIVERSITY EXISTS

10.     "'Federal Courts are courts of limited jurisdiction.  They posses only the power authorized by the Constitution and statute . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.  At the time the Petition was filed, federal question jurisdiction did not exist.  Specifically, there were no allegations that the Constitution or any federal statute had been violated (*See* Petition, **EXHIBIT 2**.)

11.     However, as of the moment Plaintiffs filed their Petition, diversity of jurisdiction existed.  (*See* Petition, **EXHIBIT 2**.)  Specifically, as the date of Plaintiffs filing their Petition, pursuant to U.S.C. § 1332 (a)(2), this action is a civil action over which this Court has original jurisdiction, as it is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as shown below.

12.     At the time of filing, the relevant time period, upon information and belief, Plaintiffs were residents and citizens of the state of Oklahoma.  (*See Groupo Dataflex v. Atlas Global Group*, L.P., 541 U.S. 567 (2004)(stating that jurisdiction depends upon the state of things at the time of filing).  Plaintiffs were not citizens of the state of Minnesota. (*See* deposition transcript of Plaintiff Alicia Marquis, p.19, ll.5-16, **EXHIBIT 3**, *see also* deposition transcript of Plaintiff Garrett King, p.14, ll.10-20, **EXHIBIT 4**.)

13.     For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it

has its principal place of business.  28 U.S.C. § 1332(c).  While Congress never defined exactly what is a "principal place of business," the Supreme Court recently held unanimously that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

14.    At the time of filing, North Star Mutual was a foreign corporation, incorporated under the laws of the state of Minnesota with its "nerve center" or "principal place of business" in Minnesota.  North Star Mutual was not a citizen of the state of Oklahoma.  (*See* Annual Statement of North Star Mutual Insurance Company, attached as **EXHIBIT 5**.)

15.    As Plaintiffs and Defendant are citizens of different states, the complete diversity requirement of U.S.C § 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

16.    Diversity of jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  In this present case, this requirement is also met.

17.    The Tenth Circuit Court of Appeals has explained "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed."  *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942).  As disclosed by the pleadings, Plaintiffs are seeking in excess of $75,000.00.

18.    Specifically, Plaintiffs are seeking "judgment against Defendant in an amount in excess of $75,000.00 for compensatory damages and punitive damages, plus interest,

costs, attorney fees, and for any other relief the Court deems to be equitable and just." (*See* Petition, p.3, **EXHIBIT 2**.)

19.     Furthermore, Plaintiffs allege as a result of the underlying accident, they are entitled to $250,000.00 in underinsured motorist benefits from North Star Mutual.  (*See* Petition, ¶1, **EXHIBIT 2**.)

20.     Therefore, based on the foregoing, the amount in controversy requirement is met.

## REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

21.     Pursuant to 28 U.S.C § 1446(b), this Notice of Removal is timely filed with this Court.  Specifically, the lawsuit has not been on file for more than 30 days. (*See* OSCN docket sheet, **EXHIBIT 1**.)

22.     Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action.  (*See* Petition, filed on October 3, 2014, **EXHIBIT 2**.)

23.     Lastly, this Notice of Removal has been removed to the proper federal district court.  The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "The District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Oklahoma County, State of Oklahoma.  The Western District of Oklahoma includes the County of Oklahoma County.  *See* 28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

24.    Pursuant to 28 U.S.C. § 1446(d), North Star Mutual will serve written notice of the filing of this Notice of Removal upon Plaintiff, and North Star Mutual has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

WHEREFORE, Defendant, North Star Mutual Insurance Company, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,


/s Brad L. Roberson
Brad L. Roberson, OBA No. 18819
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email: brad@pclaw.org; erin@pclaw.org
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Kent McGuire, Esquire

I hereby certify that on October 23, 2014, I served the attached document by hand delivery on the following, who are not registered participants of the ECF System: (insert names and addresses):

Tim Rhodes, Court Clerk
Oklahoma County Court Clerk
409 County Office Building
320 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102

s/ Brad L. Roberson
For the Firm