# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALICIA MARQUIS and GARRETT KING, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-14-1157-R ) |
| NORTH STAR MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on Defendant's Motion for Protective Order and Request for an Expedited Ruling, or, in the Alternative, Request to Quash Notice for Deposition. Doc. No. 18. Plaintiffs have noticed a deposition of Defendant for March 5, 2015 at 9:00 AM at the Hyatt Place Minneapolis Airport South in Bloomington, Minnesota. Doc. No. 15. Defendant asks the Court to order Plaintiffs to take the deposition in Marshall, Minnesota. Doc. No. 18, at 4.

The Court has "broad discretion over the control of discovery." *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 952 (10th Cir. 2004), *abrogated on other grounds by Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006)). Under Federal Rule of Civil Procedure 26(c)(1), the Court may issue a protective order for good cause "to protect a party or person from … oppression, or undue burden or expense."

Defendant contends that because it is headquartered in Cottonwood, Minnesota, the deposition should take place in Marshall, Minnesota, the nearest location to Cottonwood with a court reporter. Doc. No. 18, at 5, 7. It quotes the Tenth Circuit, which maintains that the "normal procedure" is for the deposition to be taken at a corporation's principal place of business. *Id.* at 7 (citing *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995)). Defendant argues that because its counsel has already made plans to travel to Cottonwood on March 2 to prepare witnesses for the deposition, if the deposition takes place in Bloomington on March 5, Defendant and its counsel "must either: (1) spend the night at a hotel in Minneapolis the night before the depositions; or, (2) awake at approximately 4:30 a.m. the morning of the depositions to travel the two and one-half hours from their house to the Minneapolis Airport." Doc. No. 18, at 6.

In response, Plaintiffs state that their counsel has already made travel plans to Bloomington and requiring them to travel to Marshall would "result in the added expense of a rental car, and gas, an additional five hours of travel, another hotel night charge, and food, not to mention additional time away from the office." Doc. No. 20, at 3, 10. This is not necessary, they argue, because "[c]orporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all parties and in the general interests of judicial economy." *Id.* at 8 (quoting *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985)). Additionally, Plaintiffs argue that the additional expenses of traveling to Marshall will have a greater impact on them because "every dollar spent in expenses

during this litigation, in effect, reduces their available UM coverage and ultimate recovery." Doc. No. 20, at 2.

Because the normal procedure is to have a deposition of a corporation's agents taken at its principal place of business, and Plaintiffs have not provided a sufficient reason to depart from this procedure, Defendant's motion [Doc. No. 18] is GRANTED. The parties shall hold the deposition of Defendant's agents in Marshall, Minnesota.

IT IS SO ORDERED this 20th day of February, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE